IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| MARIANNE COWGILL, WILLIAM DECKER and KIDS, INCORPORATED, d/b/a ADVENTURE FOR KIDS DAYCARE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF POCATELLO, <br><br> Defendant. | Case No. 4:13-CV-278-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |
|---|---|

# INTRODUCTION

The Court has before it cross motions for summary judgment. The Court heard oral argument on August 13, 2014, and took the motions under advisement. For the reasons set forth below, the Court will (1) deny plaintiffs' motion, and (2) grant that part of the City's motion seeking to dismiss the equal protection claim, but deny the remainder of that motion.

# BACKGROUND

Plaintiff Cowgill and her father, William Decker, incorporated "Kids, Inc." to operate a day care facility under a license granted by the defendant, City of Pocatello. Cowgill and Decker each own half of the shares in Kids, Inc. On June 13, 2012, two employees of Kids, Inc., Britny Toone and Crystal Chatterton, accidently left a four-year old child at a local park for over an hour.

About two weeks later, Cowgill received a letter from Pocatello Police Chief Scott Marchand informing her that the City Police Department was going to recommend to the City Council that Cowgill's day care license be "reviewed/revoked." The letter stated that the revocation recommendation would be based on three violations of the City Code, and it detailed those three violations. It closed with a notice that the hearing would be conducted on July 9, 2012, during a meeting of the City Council, and that "[y]ou will be afforded an opportunity to be heard at that time."

At the hearing, the City Police recommended that Cowgill's license be revoked. They discussed the three violations identified in the notice letter to Cowgill and another alleged incident – not identified in the notice letter – in 2007 involving a child left behind. The City Council heard from Cowgill and her attorney, and then decided to revoke the license and ban Cowgill from reapplying for a license for a year.

Cowgill brings this lawsuit along with her father William Decker and Kids, Inc., against the City under § 1983 alleging that the City violated their rights to (1) procedural due process, (2) substantive due process, and (3) equal protection. For ease of reference, the Court will refer to the three plaintiffs as "Cowgill" unless it is necessary to discuss them separately.

Cowgill has moved for partial summary judgment on her claim for a violation of her procedural due process rights. The City has filed a cross motion seeking summary

judgment on all of Cowgill's claims. The Court will examine each of Cowgill's claims below.[1]

## ANALYSIS

**Procedural Due Process**

In evaluating Cowgill's procedural due process claim, the Court must ask first whether the City has interfered with Cowgill's liberty or property rights. *U.S. v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir.2012). To determine whether a property right is involved, the Court must examine state law. *Vandevere v Lloyd,* 644 F.3d 957 (9th Cir. 2011). In Pocatello, a day care license can only be revoked "for cause" after notice and a hearing. *See City Code* § 5.28.250. Conditioning the revocation on a finding of cause creates a constitutionally protected property interest. *Dyack v. Commonwealth,* 317 F.3d 1030, 1033 (9th Cir. 2003). Thus, Cowgill had a property right in her day care license.

The second step in the inquiry requires the Court to determine "whether the procedures attendant upon [the] deprivation were constitutionally sufficient." *Juvenile Male*, 670 F.3d at 1013. The Court must evaluate the process provided to Cowgill under the test set forth in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). That test instructs the Court "to balance (1) the private interest affected by the official action; (2) the risk of erroneous deprivation and the probable value of additional procedural safeguards; and (3)

---

[1] The City argues that two of the plaintiffs – William Decker and Kids Inc. – lack standing because the license was in Cowgill's name. But Decker and Kids Inc. both claim a direct injury from the revocation. Decker owned 50% of the shares in Kids Inc., and the revocation shut down Kids Inc. for an entire year. That is sufficient to confer standing.

the governmental interest, including the fiscal and administrative burdens of additional procedures. *Id.*

The City did give Cowgill an opportunity to be heard at a hearing held on July 5, 2012. But Cowgill alleges that the City misled her about the hearing, causing her to prepare inadequately. More specifically, she claims that her attorney was told that the City Police would recommend probation rather than revocation. To support this claim, she points to testimony from Rick Capell, an officer with the City Police who testified that he told Cowgill's attorney that the City Police would only be seeking probation, not revocation. *See Capell Deposition (Dkt. No. 14)* at pp. 6-11.[2] This is confirmed by Cowgill's attorney at the time, Kyle Hansen. *See Hansen Affidavit (Dkt. No. 17)* at ¶ 20. Kim Stouse, the Licensing Enforcement Officer for the City, counters the testimony of both men by alleging that the City never considered probation but at all times was intending to recommend revocation. *See Stouse Deposition (Dkt. No. 19-2)* at pp. 2-3.

The obvious conflicts in this testimony cannot be resolved on summary judgment. The City's counsel urges the Court to adopt the City's version of events, but the Court must view the evidence in the light most favorable to Cowgill, and must not make credibility findings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

There are also questions of fact over whether being misled about the nature of the hearing made any difference. Attorney Hansen states that he had eleven witnesses ready

---

[2] The City argues that Capel had no authority to speak on license issues. But determining his authority to speak for his employer is an "intensely factual" question that is not generally suitable for resolution on summary judgment. *See Gibson-Jones v. Berkel,* 2008 WL 782568 (N.D.Cal. 2008)

to testify on behalf of Cowgill at the July 19th meeting but that the City did not provide him with that opportunity. *See Hansen Affidavit, supra,* at ¶ 32. The City counters by pointing out that Cowgill never asked for more time to present witnesses, either at the July 5th meeting or at the July 19th meeting. Cowgill responds that the Council had made its decision by the conclusion of the July 5th meeting so that an extension would have been futile. In support, she cites a statement by City Councilman Roger Bray on July 6th that the Council had decided to revoke the license. *See Idaho State Journal Article (Dkt. No. 14)* at p. 37. If she had known that revocation was going to be recommended, her attorney "would have been able to present testimony and argument explaining why the daycare was trustworthy and reliable, and why it should not be forced to close." *See Hansen Affidavit, supra,* at ¶ 35.

This discussion highlights the numerous conflicts in the testimony concerning the procedural due process issue. These conflicts create genuine issues of material fact that preclude summary judgment for either side on the procedural due process issue.

Finally, the Court will address an important argument raised by Cowgill – that she was precluded from appealing the City's decision. The City argues that Cowgill could have appealed the City Council's decision to the Idaho District Court under Idaho Code § 39-1108, and thereby been afforded full procedural due process rights. But those appeal provisions do not apply under the terms of this statute when the "city or county . . . has adopted an ordinance for regulation and/or licensing of daycare services," as the City did here. Thus, the Idaho statute does not apply by its very terms. The City's own regulations do not grant any appeal rights, and thus the City cannot depend on an appeal

**Memorandum Decision & Order – page 5**

right to cure procedural inadequacies at the City Council level.  This failure on the part of the City is a significant factor to be considered in determining whether Cowgill's procedural due process rights were violated.  *See Logan v Zimmerman Brush Co.*, 455 U.S. 422, 434-35 (1982) (finding it significant in the due process analysis that plaintiff could not obtain judicial review of an administrative decision).  The City's counsel argued at oral argument that he would not have challenged an appeal filed by Cowgill, but counsel's post-hoc representation is not evidence the Court can consider.  *Singh v. INS*, 213 F.3d 1050, 1054 n. 8 (9th Cir.2000).

The lack of a clear path to judicial access is a serious flaw in the City's procedures that weighs in favor of a finding of a procedural due process violation.  Nevertheless, the questions of fact identified earlier are significant enough to convince the Court to deny summary judgment for Cowgill at this point.

**Equal Protection**

The Equal Protection Clause ensures that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). The equal protection guarantee protects not only groups, but individuals who would constitute a "class of one." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). Where, as here, state action does not implicate a fundamental right or a suspect classification, Cowgill can establish a "class of one" equal protection claim by demonstrating that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook*, 528 U.S. at 564.  Where an equal protection claim is based on "selective

**Memorandum Decision & Order – page 6**

enforcement of valid laws," a plaintiff can show that the defendants' rational basis for selectively enforcing the law is a pretext for "an impermissible motive." *Id.*

Here, Cowgill has no evidence of disparate treatment on the basis of a protected classification like race or gender. Instead she relies on a "class of one" argument by alleging that the City irrationally targeted her. She points out that after the City revoked her permit for leaving the child in the park, the City granted a license to Britny Toone, the person who actually left the child in the park.

Cowgill's argument is that by granting a license to an undeserving Toone, the City revealed that it was out to punish Cowgill, thereby demonstrating she was a "class of one." However, Cowgill has not placed in the record any evidence regarding the City's grant of a license to Toone. The Court has no way of knowing whether Toone was "undeserving" as Cowgill claims. At this summary judgment stage, the plaintiff must come forward with evidence to rebut the defendant's claim of a lack of evidence. Cowgill was required to go beyond her pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). There is no such showing, and thus the Court will grant partial summary judgment dismissing the Equal Protection claim.

**Substantive Due Process**

Substantive due process "refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs." *Lebbos v. Judges of Superior Court, Santa Clara County,* 883 F.2d 810 (9th Cir. 1989). Substantive due

**Memorandum Decision & Order – page 7**

process protects individuals from arbitrary deprivation of their liberty by government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir.2006). One aspect of liberty is the right to pursue "the common occupations or professions of life." *Lebbos,* 883 F.2d at 818.

Here, Cowgill alleges that she was banned from her occupation as a day care operator by the City's actions. To constitute a substantive due process violation, the ban must be complete and not merely a "brief interruption." *See Dittman v. California,* 191 F.3d 1020, 1029 (9th Cir. 1999). Here, there are facts in the record indicating that Cowgill was prohibited for a year from engaging in her occupation as day care operator. That is sufficient to at least create an issue of fact over whether the City interfered with her right to engage in her continued occupation as a day care operator and owner. The Court will therefore deny summary judgment on this issue.

## Conclusion

Pursuant to the discussion above, the Court will deny the cross motions for summary judgment, except for that portion of the City's motion that seeks to dismiss the equal protection claim.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the plaintiffs' motion for summary judgment (docket no. 12) is DENIED.

IT IS FURTHER ORDERED, that the defendant's motion for summary judgment (docket no. 11) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to dismiss the equal protection claim. It is denied in all other respects.

DATED: October 13, 2014



_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 9**